**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA AUGSBURGER, | No. 19-35157 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01817-BAT |
| v. | |
| NAVY MUTUAL AID ASSOCIATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted May 7, 2020[**]
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

Rebecca Augsburger appeals from an order granting summary judgment to Navy Mutual Aid Association in an action asserting that Navy Mutual wrongfully denied her life insurance claim following her husband's death. We affirm.

We review a grant of summary judgment de novo, construing all evidence in the light most favorable to the nonmoving party. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). We apply Washington law to Augsburger's state-law claims. *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

Under Washington law, mutual assent to the formation of a contract is judged based on the parties' outward expressions and acts, not their unexpressed intentions. *City of Everett v. Sumstad's Estate*, 631 P.2d 366, 367 (Wash. 1981) (en banc). Here, Navy Mutual communicated clearly and repeatedly to Augsburger that under the terms of the prior family policy, purchasing a new policy that covered only her life would result in termination of existing coverage on her husband's life. Augsburger objectively manifested assent to replace her existing policy with one that covered her life alone. Navy Mutual reasonably and in good faith investigated and then denied Augsburger's claim under the old policy on that basis. *See Coventry Assoc. v. Am. States Ins. Co.*, 961 P.2d 933, 938 (Wash. 1998)

2

(en banc); Wash. Admin. Code § 284-30-330(4).[1]  The record does not reflect any mutual mistake that would support reformation, nor could a reasonable jury find that Navy Mutual negligently assisted Augsburger during the application process.

**AFFIRMED.**

---

[1] Augsburger's Motion to File Supplemental Excerpts of Record (ECF No. 26) is DENIED.  Navy Mutual's Motion to File a Supplemental Brief  (ECF No. 34) is DENIED as moot.